UNITED STATES DISTRICT COURT        SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
July 14, 2016
David J. Bradley, Clerk

Thomas DeRouen, *et al.*, §
 §
 Plaintiffs, §
 §
*versus* § Civil Action H-14-3275
 §
Compass Bank, *et al.*, §
 §
 Defendants. §

# Opinion on Dismissal

1. *Introduction.*

Borrowers did not pay their mortgage. After the bank tried to foreclose, the borrowers sued to prevent it. They say that defects in the loan invalidate it and that the bank and its title-insurance company committed fraud and negligence. Because the bank has remedied the defects in the loan and the borrowers have not sufficiently pleaded their complaint, their case will be dismissed with prejudice.

2. *Background.*

In 1986, Irene Vallet and Reginald Pierson acquired a general warranty deed to the property known as:

> Lot Seven (7), in Block Twenty-three (23) of a replat of Glenbrook Valley Section 5, a subdivision in Harris County, Texas according to the map or plat thereof recorded in Volume 49, Page 50 of the map records of Harris County, Texas; or
>
> 8107 Dover Street, Houston, Texas 77061.

Pierson conveyed his interest to Vallet. He nor she recorded the conveyance in the Harris County Real Property Records. On December 24, 2003, Thomas DeRouen, acting as an attorney for Vallet, conveyed the property to he and his wife, Clara DeRouen. DeRouen recorded the deed.

As of June 2010, only the DeRouens claimed an interest in the property. In July 2010, Gloria Jolivette, Thomas DeRouen's sister, moved onto the property. Jolivette told the

DeRouens that if they used their property as security for an equity loan, she would pay the mortgage and do home repairs. Jolivette gave Compass Bank the information needed to complete the loan application. On August 8, 2010, the DeRouens applied to Compass Bank for a loan of $60,000.00.

The DeRouens and Jolivette met with representatives of Compass Bank and National Title Insurance of New York, Inc., to execute the loan. They told the bank that they held a general warranty deed to the property and used it to secure the loan. Compass Bank did not do a title search before approving the loan and accepting the deed of trust.

The DeRouens say that Compass Bank and National Title did not tell them that if they defaulted on the loan Compass Bank could foreclose on the property. They also say that National Title lied to them when it told them that title defects were covered by an insurance policy. The policy with National Title benefitted Compass Bank not the DeRouens.

Shortly after Compass Bank funded the loan, the DeRouens gave Jolivette $15,000.00. Jolivette disappeared with the money. Jolivette is not a party to this lawsuit; if she was, she would be treated as the DeRouens agent not as an ally to the bank The DeRoeuns defaulted on the loan. It remains in default.

Eventually Compass Bank and National Title discovered the conveyance from Pierson to Vallet and that it had not been recorded – the DeRouens did not have clear title to the property. On May 6, 2013, the heirs of Pierson (a) conveyed their interest to the DeRouens by a quit claim and conveyance deed filed in the Property Records and (b) consented to the loan signed by the DeRouens.

3.  *Proper Plaintiff.*

In July 2016, the parties informed the court that Thomas DeRouen had died. He died intestate survived by his wife and at least one daughter and sister. Clara DeRouen has asked the court to represent his interest but has not been appointed the administrator of his estate. She holds her own interest in the property and an interest in his estate that is adverse to his heirs.

The named plaintiff, Thomas DeRouen, will serve as a placeholder for his heirs' interest in the property. Any relief awarded to Thomas De Rouen is awarded to his heirs.

4. *National Title.*

National Title insured the property for Compass Bank. The DeRouens do not have a contractual relationship with it. They say that National Title did not tell them that their insurance policy did not cover title defects and benefitted Compass Bank. National Title owed no duty to the DeRouens– contractual or at common law. Their claims against National Title will be dismissed.

4. *Dismissal.*

To have sufficiently pleaded a claim, the DeRouen's complaint must state factual allegations showing that their right to relief is plausible. The DeRouens say that (a) Compass Bank conspired with Jolivette to convince them to sign a fraudulent and invalid loan for her benefit, (b) the employees of Compass Bank knew of Jolivette's false representations when it issued the loan, (c) Compass Bank negligently hired and supervised employees, and (e) the loan and deed of trust are invalid because when it was executed the heirs of Pierson retained an interest in the property but did not sign the documents.

5. *Loan Defect.*

The DeRouens say that under the Texas Constitution the lien is defective. They say that Compass Bank must forfeit all principal and interest of the extension of credit because the lien was not created under a written agreement with the consent of Pierson's heirs whom retained an ownership interest in the property. A lender can cure any defect in a lien.[1] The heirs have renounced any interest in the property and also consented to the lien established by the loan in 2010. Owners of the property and their spouses are not required to sign the loan agreements or deed of trust, they only must consent to be bound by it. The defects in the lien have been cured. Compass Bank is entitled to foreclose to recover the owed principal and accrued interest.

6. *Contract Governs.*

The contract between the DeRouens and Compass Bank precludes them from bringing tort claims for fraud and negligence unless they can show (a) Compass Bank breached a duty

---

[1] See *Priester v. JP Morgan Chase*, 708 F.3d 667 (5th Cir. 2013).

imposed by law rather than the contract and (b) that breach caused an injury other than an economic loss subject to the contract. Compass Bank owed no duty to the DeRouens other than not to breach the contract, and no loss occurs when the contract is enforced. The contract expressly governs the means and methods of foreclosure. If the bank forecloses, the DeRouens will suffer no economic loss other than repaying indirectlyCompass Bank what they were paid by it.

The contract governs their claims. Even if they could bring tort claims, those claims would fail.

7. Tort Claims.

  A. *Negligent Hiring, Supervision, Training, and Retention*

The DeRouens claim for negligent hiring, supervising, training, or retention is barred. To recover for an injury caused by the negligence of another, the claim must be brought within two years after the day the injury occurred.[2] Their claims accrued when they could seek redress for the injury; it accrued when the loan closed on September 17, 2010. They filed this lawsuit on September 16, 2014. These claims are barred by limitation.

  B. *Fraud and Conspiracy.*

To adequately plead a claim for fraud, the DeRouens must show that Compass Bank (a)intentionally or recklessly made misrepresented a material fact, (b) they relied on it, and (c) their reliance caused harm. The mere assertion of misrepresentation is not enough, assertions of fraud require the DeRouens to precisely explain who lied to them about what.

Also, the DeRouens do not identify the specific misrepresentations they relied on. They say that Compass Bank and National Title acted in concert with Jolivette to defraud them. Compass Bank and National Title are adverse parties to both Jolivette and the DeRouens – Compass Bank's interest is the repayment of the loan, it is not in helping Jolivette disappear with its money.

The DeRouens say that nobody explained the contract to them. The contract explicitly states that they (a) agreed to and understood what they were signing, and (b) were not relying

---

  [2]TEX. CIV. PRAC. & REM. CODE § 16.003(a).

on any representation made by Compass Bank. By signing the contract, the DeRouens agreed to be bound by it. It is not a misrepresentation for Compass Bank to assume that the DeRouens read the contract before they signed it – they are presumed to have read it.[3] Their fraud claims will be dismissed.

Conspiracy cannot be pursued as an independent means of recovery – the DeRouens must show that some tortuous conduct actually harmed them before they can claim that an agreement between parties caused it. Because they have not adequately pleaded a fraud claim, they cannot claim conspiracy. Their conspiracy claims will be dismissed.

9. Conclusion.

The DeRouens did not pay their mortgage. The bank cured the defects in the loan when it (a) filed the quit claim and conveyance deed with the Property Records and (b) Pierson's heirs consented to be bound by the lien. Compass Bank may collect what it is owed.

The DeRouens other claims are not tethered to reality. The fraud and negligence claims are attempts to obfuscate blame by shifting the named tortfeasor from a family member to a large bank with deep pockets and nameless employees. Unsubstantiated accusations of wrongs done by another do not sufficiently plead claims against each party who discussed the loan with the DeRouens.

The DeRouens claims will be dismissed with prejudice.

Signed on July 14, 2016, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[3] See *Upton V. Tribilcock*, 91 U.S. 45 (1875).